## John Welsh, Plff. in Err., *v.* Lehigh & Wilkesbarre Coal Company.

The ventilation law of March 3, 1870, does not become applicable to an air shaft until a communication is formed between it and the mine; and until then employees of an independent contractor engaged in sinking the shaft have no right of action against the general owners of the mine for a personal injury sustained in the work.

(Decided April 26, 1886.)

Error to the Common Pleas of Luzerne County to review a judgment for defendant in an action for damages for personal injuries. Affirmed.

The facts appear in the charge of the court below as follows:

This is an action on the case brought by John Welsh against the Lehigh & Wilkesbarre Coal Company to recover damages for personal injury to plaintiff, alleged to have resulted from the negligence of the defendant. . . .

The plaintiff in this case was employed as a laborer by a man named Wasley, in the sinking of what is known as an air shaft

---

Cited and followed in Welsh v. Parrish, 148 Pa. 599, 24 Atl. 86.

Note.—The acts of March 3, 1870 (P. L. 3), and of June 2, 1891 (P. L. 176), imposed liability on the mine owner for injury from failure to comply with its provisions. These acts did not change the rule as to responsibility for injury from acts of fellow servants. Honor v. Albrighton, 93 Pa. 475; Delaware & H. Canal Co. v. Carroll, 89 Pa. 374; Mulhern v. Lehigh Valley Coal Co. 161 Pa. 270, 28 Atl. 1087. Or where the plaintiff was under the control of an independent contractor. Lineoski v. Susquehanna Coal Co. 157 Pa. 153, 27 Atl. 577. And the provision in the act of 1891, attempting to so impose liability on the mine owner, was held unconstitutional as in violation of the bill of rights. Durkin v. Kingston Coal Co. 171 Pa. 193, 29 L. R. A. 808, 50 Am. St. Rep. 801, 33 Atl. 237.

As to liability for injuries to employees of independent contractor, resulting from unsafe appliances or place of labor, see editorial note on that subject to Bright v. Barnett & R. Co. 26 L. R. A. 524.

at the Stanton mines. These mines, as appears in the evidence, were owned by the Lehigh & Wilkesbarre Coal Company, and a colliery had already been established upon the property.

Either from necessity, or for reasons of convenience,—it does not appear clearly in the case which,—the company concluded to sink a new air shaft. With this purpose in view it offered proposals to contractors. It would seem that the original contract was given to a man named Smith; that he subsequently failed to complete the work, and the contract was assumed on the original proposals by Wasley. The latter afterwards asked and received an increase of price for doing the work. He completed the job to the extent of sinking to some point below the Baltimore vein.

As we understand the evidence, Wasley, in the way stated, became a contractor with this company to do this work. He employed the workmen and paid them. He was not subject, so far as the control or the employment of the men was concerned, to the company, the defendant in this case. The only rights which it had in connection with this particular work, as regulated by the contract, seem to have been those of visitation, inspection, and measurement.

Now, the plaintiff shows that on a certain day he was badly injured in the performance of this work, and he seeks to recover damages from the company which owns the property. If he may recover under the rules of law it must be either by virtue of his being an employee of the defendant or of being its agent, provided there be nothing else in the case to modify the general rule. That rule, as laid down in a leading case in this state, is that a person, natural or artificial, is not liable for the acts or negligence of another, unless the relation of master and servant or principal and agent exists between them; and when an injury is done by a person exercising an independent employment, the party employing him is not responsible to the person injured.

Therefore we say to you that at common law, independent of any statute applicable to the subject, the plaintiff, as we understand it, has no cause of action in this case; because he was not an employee of the defendant company, nor was he its agent; neither the relation of employer and employee nor of principal and agent existed. For such an accident as this, while he might have a remedy against the contractor who was his employer, he

has, in our judgment, none against the company which employed the contractor.

But we have in this state an act of assembly known as the mine ventilation law, and it has been urged upon us with great force and ability that, while it may be true at common law that the plaintiff is without remedy against this defendant, in view of the ventilation law, which created certain duties to be performed by the owners of coal property and of mines, there may be a liability on the part of the defendant in this case.

We have carefully considered this question, and we feel bound to say that we are not prepared to hold that the ventilation law is applicable to such a case as this.    We are not prepared to hold that an air shaft, sunk for the purpose of ventilating a mine, is itself a mine in the contemplation of that act.

Therefore, in our opinion, as affected by the mine ventilation law, plaintiff's case falls.    We hold that the ventilation law does not apply to the sinking of an air shaft like the one in this case; that the shaft was not such a mine as the law contemplates or applies to.

Holding this view it is unnecessary for us to go further; because, if there can be no recovery here at common law, and if we cannot see our way clear to permit a recovery by virtue of the ventilation law, then the plaintiff, as against this defendant, is without remedy, whatever may be his right against the contractor.

We therefore say to you, as a matter of law, that in the case as now presented plaintiff cannot recover, and your verdict should be for defendant.

Plaintiff brought error.

*John Lynch* and *A. Rickets,* for plaintiff in error.—The true character of this contract to sink the shaft is stated in Pennsylvania Coal Co. v. Costello, 33 Pa. 241, where the decision was that the money earned upon such a contract was not attachable because it was simply the wages of labor; the miner was simply an employee of the mine owner; and the fact that he received pay at so much per ton under what is usually styled a contract, did not change his character as an employee of the operator, nor make his pay anything other than the wages of labor.

This question is expressly decided in Rummell v. Dilworth,

P. & Co. 111 Pa. 343, 2 Atl. 355, 363. In that case a laborer in a spike mill, employed by a roller boss as one of his assistants, and paid by him, the roller boss being a contractor to manufacture spikes at so much per ton and having the right to employ assistants, was held to be an employee of the defendants, the owners of the mill, and entitled to recover against them in case of negligence on their part causing an injury to him. See also, Philadelphia, W. & B. R. Co. v. Keenan, 103 Pa. 124.

*Henry W. Palmer,* for defendant in error.—An owner of property is not liable to employees of an independent contractor for injuries received by them. Painter v. Pittsburgh, 46 Pa. 213; Hunt v. Pennsylvania R. Co. 51 Pa. 475; Allen v. Willard, 57 Pa. 374; Reed v. Allegheny, 79 Pa. 300; Erie v. Caulkins, 85 Pa. 247, 27 Am. Rep. 642.

Nothing short of retention, by the owner, of the immediate direction of the men in their prosecution of the work, so that they are subject to his orders and carry on their operations under his control, will render him liable for negligence. When the work is being done by contract, reservation of the right of supervision to ascertain whether the contract is being kept, or over the results of the work, are not sufficient to shift the contractor's responsibility to the owner. Hunt v. Pennsylvania. R. Co. 51 Pa. 475; Allen v. Willard, 57 Pa. 382.

Nor the taking of a bond to secure against damages. Erie v. Caulkins, 85 Pa. 247, 27 Am. Rep. 642.

Nor the retention of possession and right to keep a street open during the progress of the work, coupled with right to inspect. Erie v. Caulkins, 85 Pa. 251, 27 Am. Rep. 642.

Nor the power to direct changes in the time and manner of conducting the work. Erie v. Caulkins, 85 Pa. 247, 27 Am. Rep. 642.

Nor that the contractor engaged to conform the work to such further directions as might be given by the street commission. Painter v. Pittsburgh, 46 Pa. 222.

Nor to inspect the work and watch its operation. Ibid.

PER CURIAM:

The plaintiff was injured while employed as a laborer, by one Wasley, in sinking an air shaft. The purpose of this shaft was to connect with a mine worked by the defendant. Wasley was,

to do the entire work, on the terms and conditions set forth in a written paper. Before this air shaft was so far completed as to form any connection with the mine operated by the defendant, the accident happened which caused the injury to the plaintiff. Wasley was an independent contractor, and the mere right of the defendant to so far supervise as to see whether the work was done according to contract did not throw the responsibility, if any, of the contractor, for this injury, on the defendant.

Judgment affirmed.